NO. 07-01-0147-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 6, 2001


______________________________



TRUMAN TOMMY MATTHEWS




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 155th DISTRICT COURT OF WALLER COUNTY;



NO. 98-05-9372; HON. DAN R. BECK, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before QUINN, REAVIS, and JOHNSON, JJ.

 Truman Tommy Matthews (appellant) appeals his conviction for murder. Both the
clerk's and court reporter's records were filed by September 20, 2001. Thus, appellant's
brief was due on October 22, 2001. However, one was not filed on that date. By letter
dated October 26, 2001, we notified appellant's counsel, Kristine C. Woldy, of the expired
deadline and directed her to respond to our notification of same by Monday, November 5,
2001, or the appeal would be abated to the trial court pursuant to Tex. R. App. P. 38.8. 
November 5, 2001 came and went without any response by counsel to our notice, without
counsel tendering a brief, and without counsel filing a motion for extension of time to file
a brief. 

 Consequently, we abate this appeal and remand the cause to the 155th District
Court of Waller County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal; and

 2. whether appellant is indigent; 


 whether appellant has been denied the effective assistance of counsel due
to counsel's failure to timely file a brief. See Evitts v. Lucey, 469 U.S. 387,
394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an
indigent defendant is entitled to the effective assistance of counsel on the
first appeal as of right and that counsel must be available to assist in
preparing and submitting an appellate brief). 


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and was denied effective assistance of counsel, then we
further direct the court to appoint new counsel to assist in the prosecution of the appeal. 
The name, address, phone number, telefax number, and state bar number of the new
counsel who will represent appellant on appeal must also be included in the court's
findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed: 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before December 6, 2001. Should
additional time be needed to perform these tasks, the trial court may request same on or
before December 6, 2001. 

 It is so ordered.

 Per Curiam



Do not publish.

 



" Priority="10" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00448-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



NOVEMBER
8, 2010

 



 

VIRGIL LYNN SPENCER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 20,237-A; HONORABLE DAN L. SCHAAP, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

On April
15, 2009, appellant, Virgil Lynn Spencer, was placed on deferred adjudication
community supervision for a period of five years relating to three charges of
aggravated assault with a deadly weapon. 
The State filed a motion to revoke order granting unadjudicated
probation on February 9, 2010.  Following
a hearing on the States motion, appellant was convicted of each of the three
counts of aggravated assault with a deadly weapon.  On September 1, 2010, appellant was sentenced
to incarceration in the Texas Department of Criminal Justice, Institutional
Division, for a period of six years for each count, with the sentences to run
concurrently.  On October 7, 2010,
appellant filed a document that expressed his desire to appeal from the
judgment adjudicating appellants guilt. [1]  We dismiss for want of jurisdiction.

Unless
certain post-judgment motions are filed, a defendant must file a written notice
of appeal with the trial court clerk within 30 days after the date sentence is
imposed.  Tex. R. App. P.
26.2(a).  The Texas
Rules of Appellate Procedure provide for a 15-day extension in which to file a
notice of appeal if it is accompanied by a motion for extension of time.  Tex.
R. App. P. 26.3.  While
appellants notice of appeal was filed within this 15-day period, it was not
accompanied by a motion for extension of time to file notice of appeal that
complied with Rule 10.5(b).  See Tex. R. App. P. 26.3.  As such, this Court is without jurisdiction
over this appeal.  See Olivo v. State, 918 S.W.2d
519, 522 (Tex.Crim.App. 1996).  Because this Court is without jurisdiction to
address the merits of this appeal, we have no authority to take any action
other than to dismiss the appeal.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Accordingly,
the purported appeal is dismissed for want of jurisdiction.[2]

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do
not publish.  











[1]
Appellant=s letter complies with the
requirements of a notice of appeal and this Court has deemed it sufficient
notice of appeal.  See Tex. R. App. P. 25.2(c).





[2] Appellant may have recourse by
filing a post-conviction writ of habeas corpus returnable to the Texas Court of
Criminal Appeals for consideration of an out-of-time appeal.  See Tex.
Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2007).